UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JAVIER CESARIO and<br>FERNANDO MARTINEZ,<br><br>                   Plaintiffs,<br><br>    v.<br><br>BNI CONSTRUCTION, INC.,<br>MIKIAL ABDUR-RAHIM and<br>MUSA LAST NAME UNKNOWN,<br><br>                   Defendants. | Case No. 07 Civ. 8545 (LLS)<br><br>DECLARATION OF<br>KERIN E. COUGHLIN<br>IN SUPPORT OF<br>REQUEST TO ENTER<br>DEFAULT OF DEFENDANTS |

I, Kerin E. Coughlin, hereby declare, pursuant to 28 U.S.C. § 1746:

1.  I am an attorney with Constantine Cannon LLP, counsel for the plaintiffs in the above-captioned matter. I make this declaration in support of plaintiffs' request that the Clerk of this Court enter on the docket the default of defendants BNI Construction, Inc. ("BNI"), Mikial Abdur-Rahim and Musa Last Name Unknown (collectively, "Defendants") filed herewith. The facts stated in this declaration are based on my personal knowledge, or, where noted, on information that I have received in connection with this case.

2.  On or about October 2, 2007, I provided the Summons and Complaint in this matter to Jeremy Murphy, a paralegal at my firm. Mr. Murphy properly served the Summons and Complaint on defendants Mikial Abdur-Rahim and Musa Last Name Unknown under the provisions of Federal Rule of Civil Procedure 4(e)(1) and certified as such to this Court in proofs of service dated October 31, 2007 and January 2, 2008 and filed with this Court on January 3, 2008. True and correct copies of those proofs of service are attached to this Declaration as Exhibits A and B.

3.  On or about October 24, 2007, Mr. Murphy provided copies of the Summons and Complaint in this matter to Brittany Vogel, an employee of Hinman Straub PC in Albany, New York. Ms. Vogel properly served the Summons and Complaint on defendant BNI under the provisions of Federal Rule of Civil Procedure 4(e)(1) via the New York State Secretary of State. Ms. Vogel certified as such to this Court in a proof of service dated October 26, 2007 and duly filed with this Court on November 2, 2007. A true and correct copy of that proof of service is attached to this declaration as Exhibit C.

4.    Defendants have failed to serve or file an answer, or to respond otherwise, to the Summons and Complaint.

5.    Under Federal Rule of Civil Procedure 12(a)(1)(A), Defendants' time limits for responding to the Summons and Complaint have now expired, and have not been extended by stipulation of the parties or Order of the Court.

6.    Upon information and belief, defendants Mikial Abdur-Rahim and Musa Last Name Unknown are neither infants nor incompetent people; rather, they are adults and appear to be capable of managing their own affairs. Further, upon information and belief, said defendants are not in the military service.

7.    Defendant BNI could not be an infant or an incompetent person within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure, nor could it be in the military service. This is because BNI is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

Under penalty of perjury, the foregoing is true and correct.

Dated: February 7, 2008

_____
Kerin E. Coughlin

100554.1