# EXHIBIT B

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Javier Cesario and
Fernando Martinez

**SUMMONS IN A CIVIL ACTION**

V.

BNI Construction, Inc.,
Mikial Abdur-Rahim and
Musa Last Name Unknown

CASE NUMBER:

**07 CIV 8545**

**JUDGE STANTON**

TO: (Name and address of Defendant)

Musa Last Name Unknown
c/o BNI Construction, Inc.
300 West 147th Street,,Suite 1C
New York, New York 10039

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kerin E. Coughlin, Esq.          Elena Goldstein, Esq.
Constantine Cannon LLP           New York Legal Assistance Group
450 Lexington Avenue, 17th Fl.   450 West 33rd Street, 11th Fl.
New York, New York 10017         New York, New York 10001

an answer to the complaint which is served on you with this summons, within __twenty (20)__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE  10/2/2007

◈AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE 12/28/2007 |
| NAME OF SERVER (PRINT) Jeremy Murphy | TITLE Paralegal |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify):  Affixed an envelope containing copies of the Summons and complaint to the door of the defendant's place of business, and mailed a second envelope also containing copies of the Summons and complaint by first class mail to the defendant at his place of business, as set forth in the attached Affidavit of Service and pursuant to N.Y.C.P.L.R. Sec. 308(4).

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL $4.00 | SERVICES | TOTAL $4.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12/31/2007
           Date

*Signature of Server* Jeremy Murphy

Constantine Cannon LLP
450 Lexington Avenue, Fl. 17
New York, NY 10017

*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

Javier Cesario and
Fernando Martinez,

          Case No. 07 Civ. 8545 (LLS)

     Plaintiffs,    **AFFIDAVIT OF SERVICE**

 -against-

BNI Construction, Inc.,
Mikial Abdur-Rahim and
Musa Last Name Unknown,

     Defendants.
-----------------------------------------------------------

State of New York )
        )
County of New York ) ss:


JEREMY MURPHY, being duly sworn, hereby deposes and says as follows:

1. I am employed as a paralegal at Constantine Cannon LLP, counsel for plaintiffs in the above-captioned matter. I am familiar with the proceedings in this case and have personal knowledge of the facts set forth herein.

2. On or about October 5, 2007, I contacted Howard Goldman, Esq. of Demovsky Lawyer Service ("DLS"), a process serving company, by telephone. The purpose of my call was to hire DLS to serve copies of the Summons and Complaint on the defendants in this matter, BNI Construction, Inc. ("BNI"), Mikial Abdur-Rahim ("Mikial") and Musa Last Name Unknown ("Musa"). As to defendant Musa, I instructed Mr. Goldman to attempt service at BNI's office, 300 West 147th Street, Suite 1C, New York, New York 10039, because it was (and is) my understanding that BNI is Musa's actual place of business. *See* Dkt. No. 1 ¶ 7.

3. DLS attempted to serve copies of the Summons and Complaint on defendants on seven (7) occasions, each on a different date and at a different time. Attached hereto as Exhibits A and B are true and correct copies of Affidavits of Attempted Service by DLS that describe those seven (7) occasions. As the Affidavits reflect, on none of those seven (7) occasions was DLS successful. *See* Exs. A, B.

4. On October 30, 2007 at approximately 2:10 p.m., I attempted to serve copies of the Summons and Complaint on defendants Musa and Mikial at BNI's office. While I

98953.4

was there, defendant Mikial verbally confirmed in response to my inquiries that that location was in fact BNI's office and that he was in fact Mikial. I served copies of the Summons and Complaint on Mikial personally by placing the documents in his hand. *See* Dkt. No. 6. I asked Mikial if Musa was on the premises at that time, and Mikial responded that he "never see[s] him [Musa]." I understood Mikial's statement to indicate that he does in fact know Musa, but that he just does not often see Musa at BNI's office. I asked Mikial if Musa would be in the office later that day or in the near future, and, contrary to Mikial's earlier statement indicating that he does in fact know Musa, Mikial responded that he did not know Musa. Mikial refused to accept service of the Summons and Complaint on Musa's behalf.

5. On or about November 4, 2007, I attempted to determine Musa's residential address by using the New York City Department of Finance Automated City Register Information System ("ACRIS"), which can be accessed on the New York City Department of Finance's Internet website. Users of ACRIS can obtain information regarding real property in the city by inputting the address of a given plot of land about which information is sought. I input into ACRIS an address that, I had been advised, might belong to Musa, but the information that ACRIS returned regarding that address did not refer to Musa or to any individual with a similar name. Therefore, it appeared that that address did not belong to Musa, thus that I would not be able to serve copies of the Summons and Complaint upon him there.

6. On or about November 7, 2007, I attempted to determine Musa's residential address by utilizing PeopleFinder.com, an Internet website through which, for a fee, one can obtain public records regarding an individual. The address that PeopleFinder.com provided that appeared most likely to be Musa's was 1657 8th Avenue, Brooklyn, NY 11215. On that same date, at approximately 5:45 p.m., I attempted to serve copies of the Summons and Complaint on Musa at 1657 8th Avenue in Brooklyn. When I arrived there, I discovered that it is a residential building with multiple apartments. I did not know which (if any) apartment belonged to Musa, and none of the names on the building directory resembled Musa's. Therefore, I was unable to locate Musa and/or to serve copies of the Summons and Complaint on him at that location.

7. On or about December 12, 2007, at approximately 11:30 a.m., I (a) affixed to the door of BNI's office, with masking tape, a sealed envelope addressed to Musa containing copies of the Summons and Complaint and the Order for Conference Pursuant to Rule 16(b) (Dkt. No. 2) (the "Rule 16(b) Order"), and (b) caused an envelope that did not indicate on the outside that it was from an attorney's office or concerned an action against Musa, and that contained copies of the Summons and Complaint and the Rule 16(b) Order, to be placed in First Class U.S. Postal Mail for delivery to Musa at BNI's office. On December 28, 2007, I caused a second envelope that did not indicate on the outside that it was from an attorney's office or that it concerned an action against Musa, that contained copies of the Summons and Complaint and the Rule 16(b) Order, and that was marked "Personal and Confidential," to be placed in First Class U.S. Postal Mail for delivery to Musa at BNI's office. I served the Summons and Complaint on Musa by

these means because, despite our diligent efforts to serve Musa personally and to determine his residential address, as described above, we had been unable to do so.

*[signature]*
Jeremy Murphy

Dated:        January 2, 2008
City, State:  New York, New York
Notarized:

*Sworn to before me on this 2nd day of January 2008.*

*Michelle A. Peters*

MICHELLE A. PETERS
Notary Public, State of New York
No. 02PE6135091
Qualified in New York County
Commission Expires October 11, 20 09

98953.4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Javier Cesario and Fernando Martinez,
        Plaintiff(s),

  -against-

BNI Construction, Inc. Mikial Abdur-Rahim and
Musa Last Name Unknown,
        Defendant(s).
-----------------------------------------------------------X

Judge Stanton
Index No. 07 CIV 8545

AFFIDAVIT OF
ATTEMPTED SERVICE

STATE OF NEW YORK )
                S.S.:
COUNTY OF NEW YORK)

    TIMOTHY M. BOTTI, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, DLS, Inc., and is not a party to this action.

    That on the 8th day of October 2007, at approximately 2:55 pm, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT AND JURY DEMAND** upon BNI Construction, Inc., Mikial Abdur-Rahim and Musa (Last name unknown) at 13 Mevan Avenue, Englewood, NJ 07631. No answer was received when deponent rang the bell and knocked on the door.

    That on the 9th day of October 2007, at approximately 7:50 pm, deponent again attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT AND JURY DEMAND** upon BNI Construction, Inc., Mikial Abdur-Rahim and Musa (Last name unknown) at 13 Mevan Avenue, Englewood, NJ 07631, again no answer was received when deponent rang the bell and knocked on the door.

    That on the 10th day of October 2007, at approximately 6:40 pm, deponent again attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT AND JURY DEMAND** upon BNI Construction, Inc., Mikial Abdur-Rahim and Musa (Last name unknown) at 13 Mevan Avenue, Englewood, NJ 07631, again no answer was received when deponent rang the bell and knocked on the door.

    That on the 11th day of October 2007, at approximately 8:20 pm, deponent again attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT AND JURY DEMAND** upon BNI Construction, Inc., Mikial Abdur-Rahim and Musa (Last name unknown) at 13 Mevan

Avenue, Englewood, NJ 07631. Deponent spoke to a woman who said "I have never heard of these names" The Family at this address is "Bolds."

_____
TIMOTHY M. BOTTI #843358

Sworn to before me this
15th day of October, 2007

_____
NOTARY PUBLIC

HOWARD DANIEL GOLDMAN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01GO5062405
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES JULY 1, 2010

# EXHIBIT B

Case 1:07-cv-08545-LLS   Document 11-3   Filed 02/07/2008   Page 10 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
Javier Cesario and Fernando Martinez,
        Plaintiff(s),

  -against-

BNI Construction, Inc. Mikial Abdur-Rahim and
Musa Last Name Unknown,
        Defendant(s).
------------------------------------------------------X

Judge Stanton
Index No. 07 CIV 8545

AFFIDAVIT OF
ATTEMPTED SERVICE

STATE OF NEW YORK )
          S.S.:
COUNTY OF NEW YORK)

    DARRYL A. GREEN, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, DLS, Inc., and is not a party to this action.

    That on the 4th day of October 2007, at approximately 3:55 pm, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT AND JURY DEMAND** upon BNI Construction, Inc., Mikial Abdur-Rahim and Musa (Last name unknown) at 300 West 147th Street, Suite 1C, New York, NY 10039. No answer was received when deponent rang the bell apartment 1C.

    That on the 5th day of October 2007, at approximately 10:30 am, deponent again attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT AND JURY DEMAND** upon BNI Construction, Inc., Mikial Abdur-Rahim and Musa (Last name unknown) at 300 West 147th Street, Suite 1C, New York, NY 10039, again no answer was received when deponent rang the bell apartment 1C.

    That on the 6th day of October 2007, at approximately 12:48 pm, deponent again attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT AND JURY DEMAND** upon BNI Construction, Inc., Mikial Abdur-Rahim and Musa (Last name unknown) at 300 West 147th Street, Suite 1C, New York, NY 10039, again no answer was received when deponent rang the bell apartment 1C.

_____
DARRYL A. GREEN #0866535

Sworn to before me this
15th day of October, 2007

_____
NOTARY PUBLIC

HOWARD DANIEL GOLDMAN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01GO5062405
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES JULY 1, 2010