**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| JAVIER CESARIO and | ) | |
| FERNANDO MARTINEZ, | ) | |
| | ) | Case No. 07 Civ. 8545 (LLS) (GWG) |
| Plaintiffs, | ) | |
| | ) | ECF Case |
| v. | ) | |
| | ) | |
| BNI CONSTRUCTION, INC., | ) | |
| MIKIAL ABDUR-RAHIM and | ) | |
| MUSA LAST NAME UNKNOWN, | ) | |
| | ) | |
| Defendants. | ) | |

-------------------------------------------------------------x

**PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**IN SUPPORT OF THEIR APPLICATION FOR DEFAULT JUDGMENT**
**PURSUANT TO FED. R. CIV. P. 55(b)(2)**

107505.2

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT                                                                 Page 2

PROPOSED FINDINGS OF FACT                                                     Page 2

PROPOSED CONCLUSIONS OF LAW                                           Page 10

     I.        Jurisdiction and Venue are Proper In This Court.          Page 10

     II.      BNI, Mikial Abdur-Rahim and Musa are Proper Defendants.          Page 10

     III.    Plaintiffs Are Entitled To Entry of Default Judgment.          Page 12

     IV.    Defendants Are Liable To Plaintiffs For The Violations
            That Plaintiffs Allege.          Page 13

     V.      Plaintiffs Are Entitled to Damages, Attorneys' Fees and Costs.          Page 20

CONCLUSION                                                                                      Page 23

107505.2

Plaintiffs Javier Cesario and Fernando Martinez respectfully request that the Court enter a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b) against defendants BNI Construction, Inc., Mikial Abdur-Rahim and Musa Last Name Unknown.  Plaintiffs hereby submit, in support of this request and pursuant to this Court's July 17, 2008 Scheduling Order (Dkt. No. 13), the following Proposed Findings of Fact and Conclusions of Law concerning damages and other monetary relief.[1]

## PRELIMINARY STATEMENT

Plaintiffs are manual laborers who worked for defendants on a construction project in Manhattan for approximately eight months.  Throughout their employment, plaintiffs were required to work at least 45, and often more than 60, hours per week.  Defendants, however, consistently failed to pay plaintiffs in accordance with the law.  Specifically, defendants failed to pay plaintiffs legally-mandated overtime and "spread of hours" payments, failed to pay them at all for certain work that they performed, breached their contract with plaintiffs, and unjustly enjoyed the benefits of plaintiffs' labor.  Accordingly, on October 2, 2007, plaintiffs filed a Complaint against defendants charging them with violations of the federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.*, the New York Codes, Rules and Regulations, and New York common law of contract and *quantum meruit*.  In their Complaint, plaintiffs seek, *inter alia*, the unpaid wages, overtime and other compensation that they are owed, as well as liquidated damages, attorneys' fees, costs, and such other and further relief as the Court deems just and appropriate.  Dkt. No. 1.

---

[1]     The Scheduling Order set the due date for this submission on September 2, 2008, but the Court extended that date to September 12, 2008 in its August 25, 2008 Memorandum Endorsement.  Dkt. No. 14.

107505.2

Defendants were properly served with the Complaint, but failed to answer or otherwise respond.  Accordingly, on February 13, 2008, this Court entered against defendants a default pursuant to Federal Rule of Civil Procedure 55(a).  Dkt. No. 12.  Now, plaintiffs seek a default judgment against defendants pursuant to Rule 55(b)(2) and an award of the monies that plaintiffs are owed.

## PROPOSED FINDINGS OF FACT

### The Parties

1.      Plaintiff Javier Cesario is an individual residing in the Bronx, New York.  Cesario Decl. ¶ 2; Compl. ¶ 1.[2]

2.      Plaintiff Fernando Martinez is an individual residing in the Bronx, New York. Martinez Decl. ¶ 2; Compl. ¶ 2.

3.      Plaintiffs worked for defendants in connection with a building construction project at 15 West 116th Street, New York, New York from May 2006 until approximately December 20, 2006.  Cesario Decl. ¶¶ 4, 20; Martinez Decl. ¶¶ 4, 20; Compl. ¶¶ 3, 16.

4.      Defendant BNI Construction, Inc. ("BNI") is a New York corporation that has its principal place of business at 300 West 147th Street, Suite 1C, New York, New York 10039.  Ex. B; Compl. ¶ 5.

5.      Defendant Mikial Abdur-Rahim is an individual residing at 13 Mevan Avenue, Englewood, New Jersey 07631.  He is an owner of defendant BNI.  Compl. ¶ 6.

---

[2]      "Compl." refers to the Complaint in this matter.  "Decl." refers to the declarations of Javier Cesario, Fernando Martinez and Kerin E. Coughlin that are submitted herewith.  "Ex." refers to the exhibits submitted with and described in the Declaration of Kerin E. Coughlin.

107505.2

6.     Defendant Musa Last Name Unknown is an individual whose address is unknown to plaintiffs.  He is an owner of defendant BNI.  Compl. ¶ 7; Ex B.

7.     At all times relevant to the Complaint, defendants controlled, supervised and directed plaintiffs with respect to the work that plaintiffs performed.  For example, defendants controlled the conditions of plaintiffs' employment; set the rate at which plaintiffs would be paid; set the days, hours and location of plaintiffs' work; directed plaintiffs with respect to the particular tasks that they performed; and provided plaintiffs with the materials needed to perform their work.  Cesario Decl. ¶¶ 5, 6, 8, 11-13, 15, 17, 18, 22, 22, 27; Martinez Decl. ¶¶ 5, 6, 8, 11-13, 15, 17, 18, 22, 22, 27; Compl. ¶¶ 8, 22.

**Plaintiffs' Employment By Defendants**

8.     Throughout the entire period during which plaintiffs were employed by defendants, plaintiffs were completely dependent upon the wages that they received, or should have received, from defendants as their means of supporting themselves and their families. While plaintiffs were employed by defendants, plaintiffs had no employer(s) other than defendants, nor did plaintiffs have any source(s) of income other than their employment by defendants.  Cesario Decl. ¶ 27; Martinez Decl. ¶ 27; Compl. ¶ 17.

*Plaintiffs' Primary Work For Defendants*

9.     Throughout the entire period during which plaintiffs were employed by Defendants, plaintiffs performed work for defendants Monday through Friday (inclusive) from about 7:00 a.m. until 4:00 p.m. each weekday (with a half-hour break for lunch) (plaintiffs' "weekday schedule").  Cesario Decl. ¶¶ 5, 6, 12; Martinez Decl. ¶¶ 5, 6, 12; Compl. ¶ 18.

107505.2

10.    During their weekday schedule, plaintiffs performed simple manual labor tasks that required no special skills or training, such as interior framing and installing drop ceilings and sheetrock (plaintiffs' "primary work").  Cesario Decl. ¶ 5; Martinez Decl. ¶ 5; Compl. ¶ 19.

11.    Plaintiffs' rate of pay for performing the primary work was $130.00 per day. Cesario Decl. ¶ 8; Martinez Decl. ¶ 8; Compl. ¶ 20.

12.    In addition to plaintiffs' weekday schedule, for approximately the first 12 weeks that plaintiffs were employed by defendants, plaintiffs also performed the primary work on about 75% of Saturdays and about 40% of Sundays, for about five hours each weekend day.  Cesario Decl. ¶ 6; Martinez Decl. ¶ 6; Compl. ¶ 21.

*Plaintiffs' Additional Work For Defendants*

13.    In about August of 2006, defendants offered to pay plaintiffs fixed fees to perform work on the construction project in addition to plaintiffs' primary work, during hours beyond plaintiffs' weekday schedule (plaintiffs' "additional work").  Specifically, defendants offered to pay plaintiffs a fixed fee for plaintiffs' performance of  each respective task involved in the additional work, for a total of at least $37,400.00.  Cesario Decl. ¶ 11; Martinez Decl. ¶ 11; Compl. ¶¶ 25, 26.

14.    Plaintiffs accepted defendants' offer.  Starting in or about August of 2006, and continuing until the end of plaintiffs' employment by defendants on or about December 20, 2006, plaintiffs performed the additional work for defendants on weekday evenings and on weekends, in addition to plaintiffs' primary work.  Cesario Decl. ¶¶ 11, 12, 14; Martinez Decl. ¶¶ 11, 12, 14; Compl. ¶ 23.

107505.2

15.    Like plaintiffs' primary work, plaintiffs' additional work also involved tasks that required simple manual labor and no special skills or training, such as installing doors, door locks, cabinets, molding and baseboards.  Cesario Decl. ¶ 11; Martinez Decl. ¶ 11; Compl. ¶ 24.

16.    From about August 2006 through about December 20, 2006, plaintiffs performed the additional work for defendants Monday through Friday (inclusive) for approximately three and one-half hours each day, starting at the conclusion of plaintiffs' weekday schedule (i.e., starting at approximately 4:00 p.m. on weekdays).  Plaintiffs also performed the additional work on approximately 85% of Saturdays and on at least five Sundays, for about six hours per weekend day.  Cesario Decl. ¶¶ 12,13; Martinez Decl. ¶¶ 12, 13; Compl. ¶ 25.

17.    Plaintiffs performed the tasks that they agreed to perform pursuant to their agreement with defendants regarding the additional work.  Cesario Decl. ¶ 14; Martinez Decl. ¶ 14; Compl. ¶ 25.

### Defendants' Failure To Pay Plaintiffs In Accordance With The Law

*Unpaid Overtime Compensation*

18.    Plaintiffs routinely worked more than 40 hours per week for defendants.  Cesario Decl. ¶¶ 6, 12, 13; Martinez Decl. ¶¶ 6, 12, 13; Compl. ¶¶ 21, 25, 27.

19.    Plaintiffs and defendants never agreed that any wages that defendants paid or were to pay plaintiffs for any of plaintiffs' work included overtime premiums of any kind, such as "time-and-one-half."  Cesario Decl. ¶¶ 9, 10; Martinez Decl. ¶¶ 9, 10; Compl. ¶¶ 28, 29.

20.    Plaintiffs and Defendants never discussed the subject of overtime compensation, including any circumstances under which Plaintiffs would be entitled to overtime compensation,

107505.2

and/or the amount of any such overtime compensation.  Cesario Decl. ¶¶ 9, 10; Martinez Decl.

¶¶ 9, 10; Compl. ¶¶ 28, 29.

 21. Plaintiffs never received any overtime compensation from Defendants for hours

over forty (40) that they worked for Defendants in any given week, or for any other reason(s).

Cesario Decl. ¶ 10; Martinez Decl. ¶ 10; Compl. ¶ 30.  Defendants' failure to pay such overtime

was willful.  Compl. ¶¶ 46-55.

 22. Pursuant to Counts I and II of the Complaint, alleging unpaid overtime in

violation of 29 U.S.C. § 207, N.Y. Lab. Law § 655(5)(b) and 12 NYCRR §§ 142-2.2 and 142-

3.2, defendants owe plaintiffs unpaid overtime compensation for the hours over 40 that plaintiffs

worked for defendants in any given workweek, plus liquidated damages, for a total of $35,

389.94.  Compl. ¶¶ 46-55; Coughlin Decl. ¶ 28; Ex. D.

*Unpaid "Spread of Hours" Payments*

 23. Plaintiffs routinely worked more than 10 hours per day for Defendants.  Cesario

Decl. ¶ 18; Martinez Decl. ¶ 18; Compl. ¶ 32.

 24. However, plaintiffs never received any "spread of hours" payments from

defendants for days on which they worked for more than 10 hours (including breaks) -- i.e.,

plaintiffs never received the one hour's pay at the basic minimum hourly wage rate to which they

are entitled under New York law for days on which they worked for more than 10 hours

(including breaks).  Cesario Decl. ¶ 18; Martinez Decl. ¶ 18; Compl. ¶¶ 32-34.  Defendants'

failure to pay "spread of hours" payments was willful.  Compl. ¶¶ 56-60.

 25. Pursuant to Count III of the Complaint, alleging unpaid "spread of hours"

payments in violation of of 12 NYCRR §§ 142-2.1, 142-2.4, defendants owe plaintiffs "spread of

107505.2

hours" payments, plus liquidated damages, in the amount of $1,687.50.  Coughlin Decl. ¶ 28; Ex
D; Compl. ¶¶ 56-60.

*Unpaid Wages*

26.     Plaintiffs never received any payment at all for hours that they worked for
Defendants on 19 days from November 29, 2006 through December 20, 2006 (inclusive).
Defendants' failure to pay plaintiffs for their work during this period was willful.  Cesario Decl.
¶¶ 19, 20; Martinez Decl. ¶¶ 19, 20; Compl. ¶¶ 61-65.

27.     Pursuant to Count IV of the Complaint, alleging unpaid wages in violation of
New York Labor Law §§ 190 *et seq.*, defendants owe plaintiffs unpaid wages for hours that
plaintiffs worked for Defendants from November 29, 2006 through December 20, 2006
(inclusive), plus liquidated damages, in the amount of $10, 413.15.  Compl. ¶¶ 61-65; Coughlin
Decl. ¶ 28; Ex. D.

*Untimely Payment of Wages*

28.     When defendants did pay wages to plaintiffs, they repeatedly paid such wages in a
untimely manner, e.g., at least two or three weeks after the end of a work week, rather than
weekly as required by New York Labor Law Section 191(a).  Plaintiffs complained repeatedly to
defendants and/or defendants' agent(s) about the late payments of wages, but to no avail.
Cesario Decl. ¶ 17; Martinez Decl. ¶ 17; Compl. ¶ 38.

*Unpaid Amount for Plaintiffs' Additional Work*

29.     Defendants failed to pay plaintiffs the amount that defendants promised to pay
plaintiffs for plaintiffs' performance of additional work in the evenings and weekends.  Cesario
Decl. ¶ 16; Martinez Decl. ¶ 16; Compl. ¶ 39, 40.

107505.2

30.     Pursuant to Counts V and VI of the Complaint, alleging breach of contract, *quantum meruit* and unjust enrichment, defendants owe plaintiffs the unpaid amount that defendants promised to pay plaintiffs for performing the additional work, $16,250.00.  Cesario Decl. ¶¶ 15, 16; Martinez Decl. ¶¶ 15, 16; Coughlin Decl. ¶¶ 28; Ex.. D; Compl. ¶¶ 66-77.

**Defendants' Failures To Maintain And Provide Notices And Records In Accordance With The Law**

31.     Defendants failed to maintain records of the hours during which plaintiffs performed work for defendants.  Cesario Decl. ¶ 26; Martinez Decl. ¶ 26; Compl. ¶ 41.

32.     Defendants failed to provide plaintiffs with statements of payments of wages. Cesario Decl. ¶ 23; Martinez Decl. ¶ 23; Compl. ¶ 42.

33.     Defendants failed to provide plaintiffs with any notice of defendants' policies regarding the payment of wages and/or benefits.  Cesario Decl. ¶ 24; Martinez Decl. ¶ 24; Compl. ¶ 43.

34.     Defendants failed to post the New York Minimum Wage poster.  Cesario Decl. ¶ 25; Martinez Decl. ¶ 25; Compl. ¶ 44.

35.     Defendants failed to maintain payroll records showing hours worked, gross and net wages, and/or payroll deductions.  Cesario Decl. ¶ 26; Martinez Decl. ¶ 26; Compl. ¶ 45.

**Defendants' Default**

36.     Defendants were properly served with the Complaint in this matter.  Ex. A, B, C.

37.     Defendants failed to plead or otherwise respond to the Complaint.  Ex. B, C.

38.     On February 13, 2008, the Clerk of this Court entered defendants' default pursuant to Federal Rule of Civil Procedure 55(a).  Ex. C.

107505.2

**PROPOSED CONCLUSIONS OF LAW**

**I.    Jurisdiction and Venue are Proper In This Court.**

1.    This Court has original federal question jurisdiction over this matter because this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*  28 U.S.C. § 1331; Compl. ¶ 13.

2.    This Court has supplemental jurisdiction over Plaintiffs' state wage and hour law claims because those claims and plaintiffs' FLSA claim arise from a common nucleus of operative fact.  28 U.S.C. § 1367; *see Boyke v. Super. Credit Corp.*, No. 01-CV-0290, 2006 WL 3833544, at *1 (N.D.N.Y. Dec. 28, 2006) (exercising supplemental jurisdiction over claims for unpaid overtime under New York Labor Law because they arose from the same factual basis as unpaid overtime claims under the FLSA); Compl. ¶ 13.

3.    Venue is proper in this Judicial District because (a) defendant BNI resides in this district and (b) the events giving rise to the claims occurred in this district.  28 U.S.C. § 1391(b); Compl. ¶ 15.

**II.    BNI, Mikial Abdur-Rahim and Musa are Proper Defendants.**

4.    BNI Construction, Inc., Mikial Abdur-Rahim and Musa Last Name Unknown are proper defendants under the FLSA and the New York Labor Law because they are plaintiffs' "employers" under those statutes.  *See* 29 U.S.C. § 203(d); N.Y. Labor Law § 190(3).

5.    The FLSA broadly defines an "employer" as "any person [or corporation] acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  *See Boyke*, 2006 WL 3833544, at *6.  The New York Labor Law is similarly expansive,

10

defining "employer" as "any person [or] corporation . . . employing any individual in any occupation . . . ." N.Y. Labor Law § 190(3). *See Boyke*, 2006 WL 3833544, at *6.

6.    A person (or corporation) is deemed an "employer" for purposes of the FLSA and the New York Labor Law where he or she (or it) exercises "managerial responsibilities" and "substantial control of the terms and conditions of the [employee's] work." *Falk v. Brennan*, 414 U.S. 190, 195 (1973). *See Lopez v. Silverman*, 14 F. Supp. 2d 405, 412 (S.D.N.Y. 1998) ("an owner may be deemed an employer under the FLSA . . . where [he] determines the employees' salaries and makes hiring decisions"); *see also Boyke*, 2006 WL 3833544, at *7-8 (corporation and its individual owner were jointly and severally liable as plaintiff's "employers" under the FLSA and the New York Labor Law). "Employer status does not require continuous monitoring of employees . . . . Control may be restricted, or exercised only occasionally, without removing the employment from the protections of the [labor statutes]." *Boyke*, 2006 WL 3833544, at *7-8.

7.    Here, plaintiffs have established that the defendants qualify as their "employers" under the FLSA and the New York Labor Law. Compl ¶¶ 5-12. First, plaintiffs have alleged that each of the defendants was their "employer." *Id.* Further, plaintiffs have demonstrated that defendants exercised "managerial responsibilities" and "substantial control of the terms and conditions of [plaintiffs'] work" in various ways. *See Falk*, 414 U.S. at 195. *See* Compl. ¶¶ 16-26. Accepting the plaintiffs' allegations as true, as the Court does where, as here, defendants are in default, *see Pitbull Prods., Inc. v. Universal Netmedia, Inc.*, No. 07 Civ. 1784 (RMB) (GWG), 2007 WL 3287368, at *1 (S.D.N.Y. Nov. 7, 2007), defendants qualify as plaintiffs' "employers" such that they are liable to plaintiffs under the FLSA and the New York Labor Law. *See Boyke*, 2006 WL 3833544, at *7.

107505.2

### III.    Plaintiffs Are Entitled To Entry of Default Judgment.

8.    Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process by which a default judgment may be entered.  First, when defendants have properly been served with a complaint but nonetheless "fail[] to plead or otherwise defend," the court clerk enters a default on the docket.  Fed. R. Civ. P. 55(a).  *See Garden City Boxing Club, Inc. v. Perez & El Vitalina Rest.*, No. 05 Civ. 3713, 2006 WL 2265039, at *2 (E.D.N.Y. Aug. 8, 2006) *(citing Enron Oil Corp. v. Diakurara,* 10 F.3d 90, 95 (2d Cir. 1993)).  Then, if the defendants still fail to appear, the court may enter a default judgment, awarding the plaintiffs damages and other relief.  Fed. R. Civ. P. 55(b).  *See, e.g., N.Y.C. Dist. Council of Carpenters Pension Fund v. Shroid Constr.,* No. 06 Civ. 13727 (RLD) (GWG), 2007 WL 4145460, at *1 (S.D.N.Y. Nov. 13, 2007).

9.    The entry of a default judgment is within the sound judicial discretion of the Court.  *See* Fed. R. Civ. P. 55(b); *see also Enron Oil Corp.,* 10 F.3d at 93.  In determining whether to enter default judgment, courts consider such factors as whether the grounds for default are clearly established, whether the complaint states a valid cause of action, whether the plaintiff will be prejudiced by a delay in obtaining judgment, and the effect a default judgment might have on the defendant.  *See Au Bon Pain Corp v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (discussing factors); *Hirsch v. Innovation Int'l Inc.*, No. 91 Civ. 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992).

10.    Here, plaintiffs are entitled to entry of default judgment because defendants were properly served with the Complaint but have nonetheless failed to appear, and because the circumstances in this case favor entry of default judgment.  For example, plaintiffs will be severely prejudiced if default judgment is not granted because it is the only way that they may

107505.2

obtain relief for their unpaid wages.  Further, their Complaint is meritorious, well-pled and

sufficient, thus it entitles them to relief.  In addition, if default judgment is not granted,

defendants will escape all accountability for violating the law.  And defendants' failure to appear

despite having had notice of this action for nearly a year shows that their failure is willful,

therefore any impact a default judgment may have on them is immaterial.  *See Garden City*, 2006

WL 2265039, at *3 (discussing factors); *Boyke*, 2006 WL 3833544, at *1; *see also Burch v.

Nyarko*, No. 06 Civ. 7022, 2007 WL 2191615, at *4 (S.D.N.Y. July 31, 2007).  For these

reasons, default judgment under Rule 55(b)(2) is warranted.

**IV.**     **Defendants Are Liable To Plaintiffs For The Violations That Plaintiffs Allege.**

11.     "When a default judgment is entered, the defendant is deemed to have admitted

all of the well-pleaded factual allegations in the complaint pertaining to liability."  *Garden City*,

2006 WL 2265039, at *3 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973

F.2d 155, 158 (2d Cir. 1992)).  *See Pitbull*, 2007 WL 3287368, at *1 ("in light of the defendants'

default, [plaintiff's] properly-pleaded allegations, except those relating to damages, are accepted

as true"); *Boyke*, 2006 WL 3833544, at *2 ("Only in very narrow, exceptional circumstances

may a court find an allegation not 'well-pleaded.'") (quoting *Trans World Airlines Inc. v.

Hughes*, 449 F.2d 51 (2d Cir. 1971)).

12.     As defendants have failed to appear, they are deemed to have admitted all of

plaintiffs' allegations.  Therefore, they are liable to plaintiffs for the claims alleged in the

Complaint.

107505.2

*Defendants' Statutory Violations*

> 1.  <u>Defendants Failed to Pay Plaintiffs Overtime in Violation of the FLSA and the New York Labor Law (Counts I & II).</u>

13.   The FLSA and the New York Labor Law require employers whose workers work more than 40 hours in a week to pay those workers overtime of at least one-and-one-half times their regular rate.  29 U.S.C. § 207(a); N.Y. Labor Law § 655(5)(b); 12 NYCRR §§ 142-2.2 and 142-3.2.

14.   The FLSA and the New York Labor Law further require employers who violate their overtime provisions to pay their employees not only the unpaid overtime but also liquidated damages.  29 U.S.C. § 216(b); N.Y. Labor Law § 663(1).  The FLSA provides for liquidated damages in an amount equal to the unpaid overtime.  29 U.S.C. § 216(b).  The New York Labor Law provides for liquidated damages of 25% of the unpaid overtime where the violation was willful.  N.Y. Labor Law § 663(1).  *See Pavia v. Around The Clock Grocery, Inc.*, No. 03 Civ. 6465, 2005 WL 4655383, at *4 (E.D.N.Y. Nov. 15, 2005).  "Willfulness means that the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages. . . . It is not necessary that the court find malice or bad faith."  *Id.* at *8 (internal quotations and citations omitted).  *See generally Burch*, 2007 WL 2191615, at *4 ("a defendant's default merits an inference of willfulness") (quotation omitted).

15.   Here, plaintiffs have established that they routinely worked more than 40 hours in a workweek, but defendants failed to pay them any overtime.  Compl. ¶¶ 21-30, 46-55. Therefore, defendants are liable to plaintiffs for violating the overtime provisions of the FLSA and the New York Labor Law.

107505.2

16.    Plaintiffs have further established that defendants' failure to pay overtime was willful.  Compl. ¶¶ 45-55.  That is, plaintiffs have alleged that defendants were willful, and defendants have failed to challenge those allegations.  *See id.; Pitbull*, 2007 WL 3287368, at *3 ("The defendants' willfulness . . . is established by virtue of its failure to controvert the allegations of willfulness in the amended complaint.").  Therefore, defendants are further liable to plaintiffs for liquidated damages under the FLSA and the New York Labor Law.  *See Boyke*, 2006 WL 3833544, at *7-8 (awarding plaintiff liquidated damages under both the FLSA and the New York Labor Law).

> 2.    Defendants Failed to Pay Spread of Hours Payments in Violation of the New York Labor Law (Count III).

17.    Under the New York Labor Law, employees who work more than ten (10) hours in a day are entitled to "spread of hours" compensation of one hour's pay at the statutory minimum wage rate in addition to their regular pay for that day.  N.Y. Labor Law §§ 190, *et seq*., and 650, *et seq*., 12 N.Y.C.R.R. § 142-2.4.  The New York Labor Law further provides that employees who willfully violate the "spread of hours" requirement must pay affected employees liquidated damages of an additional 25% of the unpaid spread of hours amount.  N.Y. Labor Law § 663(1).

18.    Here, plaintiffs have established that they frequently worked more than 10 hours in a day but defendants willfully failed to pay them "spread of hours" compensation.  Compl. ¶¶ 32-34; Ex. D.  Therefore, plaintiffs have established that defendants willfully violated the New York "spread of hours" requirement and thus are liable to plaintiffs for such unpaid "spread of hours" payments plus an additional 25% as liquidated damages.  Compl. ¶¶ 32-34; Ex. D.

3.    Defendants Failed to Pay Wages in Violation of New York Labor Law.
(Count IV).

19.    In New York, employers are required to pay their employees for the work that

they perform.  N.Y. Labor Law §§ 190 *et seq.*; 12 N.Y.C.R.R. § 142-2.1.  Employers who fail to

pay their employees are liable in the amount of the unpaid wages plus liquidated damages if such

failure was willful.  N.Y. Labor Law § 663(1).

20.    Here, plaintiffs have established that defendants never paid them at all for hours

that they worked between November 29, 2006 and December 20, 2006 (inclusive).  Compl. ¶ 61-

65.  Plaintiffs have further established that such failure to pay was willful.  *Id.*  Therefore,

plaintiffs have established that defendants violated the New York Labor Law by failing to pay

plaintiffs' wages, and are liable to plaintiffs for their unpaid wages plus 25% liquidated damages.

4.    Defendants Violated Other Provisions of the FLSA and the New York
Labor Law.

21.    `Plaintiffs have also established that defendants willfully violated a number of

other statutory employment provisions.

22.    First, plaintiffs have established that defendants willfully violated the New York

requirement that employers pay their workers on a weekly basis.  N.Y. Labor Law § 191(a).

Compl. ¶ 38..

23.    Second, plaintiffs have established that defendants willfully violated the New

York and federal requirements that employers make and maintain records of their employees and

their wages, hours, and conditions of employment.  29 U.S.C. § 211(c), 29 C.F.R. § 516.2; 12

N.Y.C.R.R. § 137-2.1.  Compl. ¶ 41, 45.

16

24.    Third, plaintiffs have established that defendants willfully violated the New York requirement that employers maintain records of the hours during which their employees work. N.Y. Labor Law § 661. Compl. ¶ 41.

25.    Fourth, plaintiffs have established that defendants willfully violated the New York requirement that employers maintain payroll records showing hours worked, gross and net wages, and/or payroll deductions. N.Y. Labor Law §§ 195(4), 650-65. Compl. ¶ 45.

26.    Fifth, plaintiffs have established that defendants willfully violated the New York requirement that employers provide their employees with statements of payments of wages. N.Y. Labor Law § 195(3). Compl. ¶ 42.

27.    Sixth, plaintiffs have established that defendants willfully violated the New York requirement that employers provide their employees with notice of their policies regarding the payment of wages and/or benefits. N.Y. Labor Law §§ 195(1), (5). Compl. ¶ 43.

28.    Seventh, plaintiffs have established that defendants willfully violated the New York requirement that employers post the New York Minimum Wage poster at their worksites. N.Y. Labor Law § 661. Compl. ¶ 44.

29.    These additional violations further demonstrate defendants' willfulness, and they assist the Court in crediting plaintiffs' testimony. "Violation of [] record-keeping provision[s] does not result in a penalty per se, but an employer's failure to produce evidence of the hours an employee worked and wages paid may result in the court having to approximate damages." *Genarie v. PRD Mgmt., Inc.*, *No.* 04 Civ. 2082, 2006 WL 436733, at *15 (D.N.J. Feb. 17, 2006). In performing such approximation, the Court can and should presume "the plaintiff['s]

17

recollection and estimates of hours worked to be correct." *See Pavia*, 2005 WL 4655383, at *5 (internal quotation omitted).

30.    In determining damages here, the Court should draw all reasonable inferences in favor of plaintiffs and award them the full amount that they seek. *Cf. Pitbull*, 2007 WL 3287368, at *3 (where "the defendants' failure to respond to the papers seeking a default judgment has left the Court with no information as to any of the factors relating to the defendants' circumstances[,] the Court draws every inference . . . against the defendants.").

*Defendants' Common Law Violations*

1.    <u>Defendants Violated New York Contract Law  (Count V).</u>

31.    "To succeed in a breach of contract claim, four elements must be satisfied: the making of a contract, performance of the contract by one party, breach of the contract by the other party, and damages suffered by the performing party." *John Hancock Prop. & Cas. Ins. Co. v. Universale Reins. Co., Ltd.*, 147 F.R.D. 40, 46 (S.D.N.Y. 1993) (citing cases). *See Brearton v. DeWitt*, 252 N.Y. 495, 498 (Ct. of App. 1930).

32.    In the alternative, plaintiffs have established that (1) they entered a contract with defendants to perform certain construction tasks in exchange for money; (2) plaintiffs performed the construction tasks to which they agreed under the contract; (3) defendants failed to pay plaintiffs as they promised under the contract; and (4) plaintiffs suffered damages in the amount of the difference between what defendants promised them and what they actually received. Compl. ¶¶ 23-26, 39-40, 66-71.

33.    Therefore, defendants are liable to plaintiffs for breach of contract, and plaintiffs are entitled to damages for that breach. *See Brearton*, 252 N.Y. at 499-500 (defendant liable to

107505.2

plaintiff where plaintiff performed her part of the agreement but defendant only partially

performed his).  Plaintiffs are further entitled to prejudgment interest  pursuant to Section 5001

of the New York CPLR.  Compl. ¶¶ 66-71; *id.* at 13.  *See Adams v. Lindblad Travel, Inc.*, 730

F.2d 89, 93-94 (2d Cir. 1984).

2.    <u>Defendants Violated New York Law of *Quantum Meruit* (Count VI).</u>

34.    "To recover in *quantum meruit*, a party must establish performance of his services

in good faith, acceptance of the services by persons to whom such services were rendered,

expectation of compensation, and the reasonable value of such services." *The Economist's

Advocate, LLC v. Cognitive Arts Corp.*, No. 01 Civ. 9468, 2004 WL 728874, at *10 (S.D.N.Y.

Apr. 6, 2004) (quoting *Weinrich v. Sandhaus*, 850 F. Supp. 1169, 1185 (S.D.N.Y. 1994)).  *Cf.

Pope v. United States*, 323 U.S. 1, 10 (1944) (allowing "impos[ition] [of] a new obligation where

there had been none before, for work performed by [a plaintiff] which was beneficial to [the

defendant] and for which [plaintiff] had not been adequately compensated").  The elements of

*quantum meruit* are similar to unjust enrichment.  *See id.* ("An unjust enrichment claim [has]

similar elements [to a *quantum meruit* claim]: (1) performance of services by plaintiff; (2) the

defendant accepts benefits from the services performed by plaintiff; and (3) the defendant under

principles of equity and good conscience should not be permitted to keep the value of the

services without restitution to the plaintiff.").

35.    In the further alternative, plaintiffs have established that they are entitled to

restitution under *quantum meruit* and unjust enrichment law.  That is, (1) plaintiffs performed, in

good faith, the manual labor tasks involved in the additional work that plaintiffs asked them to

do; (2) defendants accepted the benefits of plaintiffs' work from, e.g., the owner of the real

19

107505.2

property where the tasks were performed; and (3) good conscience and equity require defendants

to reimburse plaintiffs for the reasonable value of their services, in the fully amount that

defendants would have paid plaintiffs under the arrangement discussed above.  Compl. ¶¶ 23-26,

39-40,  72-77.  *See Weinrich* 850 F. Supp. at 1184 ("reasonable per hour rate" for determining

*quantum meruit* reimbursement was "based on contemporaneous work that [plaintiff] performed

for the Defendants"); *see also id.* at 1183-84 (plaintiff's testimony regarding time worked could

demonstrate "reasonable value" for *quantum meruit* claim).  Therefore, defendants are liable to

plaintiffs under *quantum meruit* and unjust enrichment law, and plaintiffs are entitled to

restitution accordingly.  *See Economist's Advocate,* 2004 WL 728874, at *10 (if defendant

"benefited from [plaintiff's] services, [plaintiff] should receive compensation" under New York

law of *quantum meruit* and unjust enrichment); *see also Ross v. F.E.I., Inc.* 150 A.D.2d 228, 232

(N.Y. App. Div. 1st Dep't 1989) (considering unjust enrichment claim as alternative to breach of

contract claim).  Plaintiffs are further entitled to prejudgment interest.  Compl. ¶¶ 72-77; *id.* at

13.  *See* N.Y. C.P.L.R. § 5001; *United States ex rel. Maris Equip. Co., Inc. v. Morganti, Inc.*, 163

F. Supp. 2d 174, 202 (E.D.N.Y. 2001).

**V.    Plaintiffs Are Entitled to Damages, Attorneys' Fees and Costs.**

*Damages*

36.    Where defendants have defaulted, plaintiffs need only demonstrate the extent of

their damages, and need not "introduce any evidence whatever in support of the allegations of

[their] complaint."  *Boyke*, 2006 WL 3833544, at *2.  *See Shroid*, 2007 WL 4145460, at *1;

*Boyke*, 2006 WL 3833544, at *2 ("At most, all that defendant can do is question the extent of the

damages suffered by the plaintiff.") (citing *Trans World*, 449 F.2d at 72).

107505.2

37.    A court need not hold a hearing on damages.  "[A]n inquest into damages may be held on the basis of documentary evidence as long as the Court has ensured that there was a basis for the damages specified in the default judgment." *Shroid*, 2007 WL 4145460, at *1 (quoting *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).  Here, plaintiffs have submitted detailed declarations and exhibits demonstrating their damages that have provided this Court with a basis for awarding damages.  Further, the defendants have failed to appear.  Therefore, the Court can and should determine damages without an evidentiary hearing.

38.    "[W]here the employer has defaulted, the courts have held that the 'plaintiff['s] recollection and estimates of hours worked are presumed to be correct.'" *Pavia*, 2005 WL 4655383, at *5 (*quoting Zeng Liu v. Jen Chu Fashion Corp.,* No. 00 CV 4221, 2004 WL 33412, at *8 (S.D.N.Y. Jan.7, 2004)).

39.    Here, because the defendants have defaulted, plaintiffs' representations regarding their hours worked and wages owed are taken as correct.  *See Pavia*, 2005 WL 4655383, at *5; *see generally Pitbull*, 2007 WL 3287368, at *6 ("the defendants' default constitutes an admission of liability").  Accordingly, plaintiffs are entitled to damages in accordance with those representations, and in the amounts set forth in the Declarations submitted herewith.  Cesario Decl. ¶ 28; Martinez Decl. ¶ 28; Coughlin Decl. ¶¶ 25-27; Exs. C, D.

40.    Further, plaintiffs, by their allegations, and defendants, by their default, have demonstrated that defendants' violations were willful.  Exs. A, C; 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1); *see Boyke*, 2007 WL 3833544, at *7-8 (awarding liquidated damages under the FLSA and the New York Labor Law for failure to pay overtime, and noting that, "[s]ince defendant has admitted all of the allegations of the complaint by virtue of its default, the court

107505.2

cannot find good faith because this admission means that defendant has acknowledged violating the FLSA"). Therefore, plaintiffs are entitled to liquidated damages in the amounts set forth in the Declarations submitted herewith.

*Attorneys' Fees and Costs*

41.     The FLSA and the New York Labor Law both permit successful plaintiffs to obtain reimbursement of their attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). Here, plaintiffs are entitled to their attorneys' fees and costs because defendants, by their default, have admitted liability. *See Burch*, 2007 WL 2191615, at *4.

42.     Plaintiffs request $54,091.75 in attorneys' fees, as set forth in the Coughlin Declaration submitted herewith. Coughlin Decl. ¶¶ 29-33; Ex. E. These fees -- based on attorneys' hourly rates of $335 to $375 -- are reasonable, in accord with the prevailing rates in this community, and necessary to the prosecution of this matter. *See Burch*, 2007 WL 2191615, at *4 (awarding attorneys' fees of $410 per hour); *see also, e.g., Maddalone v. United Bhd. Of Carpenters,* No. 95 CIV 2112, 1999 WL 269913, at *1 (S.D.N.Y. May 4, 1999) ($340 per hour was reasonable); *Berlinsky v. Alcatel Alsthom Compagnie Generale D'Electricite*, 970 F. Supp. 348, 351 (S.D.N.Y. 1997) ($365 per hour was reasonable).

43.     Similarly, plaintiffs' costs -- $2,322.53, as also set forth in the Coughlin Declaration -- are "reasonable out-of pocket expenses . . . which are normally charged to fee-paying clients," thus warrant reimbursement. *See Boyke*, 2006 WL 3833544, at *12 (expenses for, e.g., "process serving, . . . [and] computer research[] are all properly recoverable").

44.     For these reasons, plaintiffs are entitled to their attorneys' fees and costs for bringing this action.

107505.2

## CONCLUSION

Plaintiffs respectfully request that the Court (a) enter default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against defendants, (b) adopt the above-stated Proposed Findings of Fact and Conclusions of Law, (c) award plaintiffs damages as set forth in the papers submitted herewith, in the amounts of: $27,172.97 in unpaid wages; $17,694.97 in liquidated damages under the FLSA; $2,369.50 in liquidated damages under the New York Labor law; for a total of $47,237.44; (c) in the alternative, award plaintiffs damages for breach of contract as set forth in the papers submitted herewith, in the amount of $16,250; (d) in the further alternative, award plaintiffs damages for *quantum meruit* and unjust enrichment as set forth in the papers submitted herewith, in the amount of $16,250, (e) award plaintiffs $54,091.75 in attorneys' fees and $2,322.53 in costs; (f) award plaintiffs prejudgment interest; and (g) award plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
      September 11, 2008

                  **CONSTANTINE CANNON LLP**

          By:     **s/ Kerin E. Coughlin**
                  Kerin E. Coughlin
                  450 Lexington Avenue, 17th Floor
                  New York, New York 10017
                  (212) 350-2700

                  **YISROEL SCHULMAN**
                  **NEW YORK LEGAL ASSISTANCE GROUP**
                  Elena Goldstein, of Counsel
                  450 West 33rd Street, 11th Floor
                  New York, New York 10001
                  (212) 613-5024
                  *Attorneys for Plaintiffs*

107505.2