# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER CESARIO and
FERNANDO MARTINEZ,

        Plaintiffs,

v.

BNI CONSTRUCTION, INC.,
MIKIAL ABDUR-RAHIM and
MUSA LAST NAME UNKNOWN,

        Defendants.

Civ. No.:

**COMPLAINT AND JURY DEMAND**



JUDGE STANTON
07 CIV 8545
RECEIVED OCT 02 2007 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiffs Javier Cesario and Fernando Martinez (collectively, "Plaintiffs") bring this action, by their undersigned attorneys, to recover damages arising from their employment by Defendants BNI Construction, Inc., Mikial Abdur-Rahim and Musa Last Name Unknown (collectively, "Defendants").

    Throughout the entire time that Plaintiffs were employed by Defendants, Plaintiffs were required to work at least forty-five (45), and usually more than sixty (60), hours per week. Defendants, however: (a) failed to pay Plaintiffs legally-mandated overtime compensation; (b) failed to pay Plaintiffs legally-mandated "spread of hours" payments; and (c) failed to pay Plaintiffs at all for certain work that they performed. Accordingly, Plaintiffs bring this Complaint against Defendants seeking, *inter alia*, damages for violations of the overtime premium wage, spread of hours and unpaid wages provisions of the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201 *et seq.*), the New York Labor Law (N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.*), and the New York Codes, Rules and Regulations ("NYCRR") (12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142), for breach of contract and for *quantum meruit*, and allege, upon

88721.5

knowledge with respect to their own acts and upon information and belief with respect to all other matters, as follows:

## THE PARTIES

### Plaintiffs

1. Plaintiff Javier Cesario is an individual residing in the Bronx, New York.

2. Plaintiff Fernando Martinez is an individual residing in the Bronx, New York.

3. Plaintiffs, who speak only Spanish, worked for Defendants in connection with a building construction project at 15 West 116th Street, New York, New York.

4. At all times relevant to this Complaint, Plaintiffs were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), and the New York Labor Law, N.Y. Lab. Law §§ 190(2), 651(5).

### Defendants

5. Defendant BNI Construction, Inc. ("BNI") is a New York corporation that has its principal place of business at 300 West 147th Street, Suite 1C, New York, New York 10039.

6. Defendant Mikial Abdur-Rahim is an individual residing at 13 Mevan Avenue, Englewood, New Jersey 07631. He is an owner of defendant BNI.

7. Defendant Musa Last Name Unknown is an individual whose address is unknown to Plaintiffs. He is an owner of defendant BNI.

8. At all times relevant to this Complaint, Defendants controlled, supervised and directed Plaintiffs with respect to the work that Plaintiffs performed for Defendants by, *inter alia*: (a) having the ability to hire and/or fire Plaintiffs; (b) controlling the conditions of Plaintiffs' employment; (c) setting the rate at which Plaintiffs would be compensated for their work; (d) setting the days, hours and location of Plaintiffs' work; (e) directing Plaintiffs with

respect to the particular tasks that they performed; and (f) providing Plaintiffs with the materials needed to perform their work.

9. At all times relevant to this Complaint, defendant BNI was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the New York Labor Law, N.Y. Lab. Law §§ 190(3), 651(6).

10. At all times relevant to this Complaint, defendant Mikial Abdur-Rahim was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the New York Labor Law, N.Y. Lab. Law §§ 190(3), 651(6).

11. At all times relevant to this Complaint, defendant Musa Last Name Unknown was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the New York Labor Law, N.Y. Lab. Law §§ 190(3), 651(6).

12. At all times relevant to this Complaint, defendant BNI qualified as an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has had: (a) employees engaged in commerce and/or in the production of goods for commerce, and/or handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales made or business done of not less than $500,000.00.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction over this matter under 28 U.S.C. § 1331 because this case is brought under the FLSA.

14. This Court has supplemental jurisdiction over Plaintiffs' state wage and hour law claims under 28 U.S.C. § 1367 because Plaintiffs' state wage and hour law claims and Plaintiffs' FLSA claim derive from a common nucleus of operative fact.

15. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because (a) defendant BNI resides in this district and (b) the events giving rise to the claims occurred in this district.

## ADDITIONAL FACTUAL ALLEGATIONS

### Plaintiffs' Employment By Defendants

16. Plaintiffs worked for Defendants from May of 2006 until approximately December 20, 2006.

17. Throughout the entire period during which Plaintiffs were employed by Defendants, Plaintiffs were completely dependent upon the wages that they received, or should have received, from Defendants as their means of supporting themselves and their families. While Plaintiffs were employed by Defendants, Plaintiffs had no employer(s) other than Defendants, nor did Plaintiffs have any source(s) of income other than their employment by Defendants.

### Plaintiffs' Primary Work For Defendants

18. Throughout the entire period during which Plaintiffs were employed by Defendants, Plaintiffs performed work for Defendants Monday through Friday (inclusive) from 7:30 a.m. until 4:00 p.m. each weekday (with a half-hour break for lunch) (Plaintiffs' "weekday schedule").

19. During their weekday schedule, Plaintiffs performed simple manual labor tasks that required no special skills or training, such as interior framing and installing drop ceilings and sheetrock (Plaintiffs' "primary work").

20. Plaintiffs' rate of pay for performing the primary work was $130.00 per day.

21.  In addition to Plaintiffs' weekday schedule, for approximately the first twelve (12) weeks that Plaintiffs were employed by Defendants, Plaintiffs also performed the primary work on about 75% of Saturdays and about 40% of Sundays, for about five hours each weekend day.

22.  Defendants provided Plaintiffs with the tools and materials that Plaintiffs needed for performing the primary work.

*Plaintiffs' Additional Work For Defendants*

23.  Starting in or about August of 2006, and continuing until the end of Plaintiffs' employment by Defendants on or about December 20, 2006, Plaintiffs, at the request of Defendants, performed work for Defendants in addition to Plaintiffs' primary work, during hours beyond Plaintiffs' weekday schedule (Plaintiffs' "additional work").

24.  Like Plaintiffs' primary work, Plaintiffs' additional work also involved tasks that required simple manual labor and no special skills or training, such as installing doors, door locks, cabinets, molding and baseboards.

25.  Starting in or about August 2006, Plaintiffs performed the additional work for Defendants Monday through Friday (inclusive) for approximately three and one-half (3.5) hours per weekday, starting at the conclusion of Plaintiffs' weekday schedule (i.e., starting at approximately 4:00 p.m. on weekdays). Plaintiffs also performed the additional work on approximately 85% of Saturdays for about six (6) hours per Saturday, and on at least five (5) Sundays for about five and one-half (5.5) hours per Sunday.

26.  Defendants promised to pay Plaintiffs a fixed fee for Plaintiffs' performance of each respective task involved in the additional work, for a total of at least $37,400.00.

### Defendants' Failure To Pay Plaintiffs In Accordance With The Law

*Unpaid Overtime Compensation*

27. As set forth in the foregoing paragraphs, Plaintiffs routinely worked more than forty (40) hours per week for Defendants.

28. Plaintiffs and Defendants never agreed that any wages that Defendants paid, or were to pay, Plaintiffs for any of Plaintiffs' work for Defendants included overtime premiums of any kind, such as "time and one-half."

29. Plaintiffs and Defendants never discussed the subject of overtime compensation, including any circumstances under which Plaintiffs would be entitled to overtime compensation, and/or the amount of any such overtime compensation.

30. Plaintiffs never received any overtime compensation from Defendants for hours over forty (40) that they worked for Defendants in any given week, or for any other reason(s).

31. Plaintiffs are owed unpaid overtime compensation for hours over forty (40) in any given week that Plaintiffs worked for Defendants, in an amount to be determined at trial.

*Unpaid "Spread of Hours" Payments*

32. As set forth in the foregoing paragraphs, Plaintiffs routinely worked more than ten (10) hours per day for Defendants.

33. Plaintiffs never received any "spread of hours" payments from Defendants for days on which Plaintiffs worked for Defendants for more than ten (10) hours (including breaks) -- i.e., Plaintiffs never received from Defendants one hour's pay at the basic minimum hourly wage rate for days on which Plaintiffs worked for Defendants for more than ten (10) hours (including breaks), as Defendants are required to pay Plaintiffs under New York law.

34. Plaintiffs are owed spread of hours payments for days on which Plaintiffs worked for Defendants for more than ten (10) hours, in amount to be determined at trial.

*Unpaid Wages*

35. Plaintiffs never received any payment at all for hours that Plaintiffs worked for Defendants from November 29, 2006 through December 20, 2006 (inclusive), during which Plaintiffs worked for Defendants on 19 days.

36. Plaintiffs are owed unpaid wages for hours that they worked for Defendants from November 29, 2006 through December 20, 2006 (inclusive) in amount to be determined at trial.

37. Plaintiffs are owed further unpaid wages for the "additional work" that they performed for Defendants, i.e., the work that Plaintiffs performed for Defendants in addition to Plaintiffs' primary work, during hours beyond Plaintiffs' weekday schedule of 7:30 a.m. to 4:00 p.m., from August of 2006 through approximately December 20, 2006 (inclusive), in amount to be determined at trial.

*Untimely Payment of Wages*

38. When Defendants did pay wages to Plaintiffs, they repeatedly paid such wages in a untimely manner, e.g., at least two or three weeks after the end of a work week, rather than weekly as required by New York Labor Law Section 191(a). Plaintiffs complained repeatedly to Defendants and/or Defendants' agent(s) about the late payments of wages, but to no avail.

*Unpaid Amount for Plaintiffs' Additional Work*

39. Defendants failed to pay Plaintiffs the amount that Defendants promised to pay Plaintiffs for Plaintiffs' performance of the additional work.

40. Plaintiffs are owed the unpaid amount that Defendants promised to pay Plaintiffs for performing the additional work.

88721.5

### Defendants' Failures To Maintain And Provide Notices And Records In Accordance With The Law

41. Defendants failed to maintain records of the hours during which Plaintiffs performed work for Defendants.

42. Defendants failed to provide Plaintiffs with statements of payments of wages as required by New York Labor Law Section 195(3).

43. Defendants failed to provide Plaintiffs with any notice of Defendants' policies regarding the payment of wages and/or benefits as required by New York Labor Law Section 195(1) and (5).

44. Defendants failed to post the New York Minimum Wage poster as required by New York Labor Law Section 661.

45. Defendants failed to maintain payroll records showing hours worked, gross and net wages, and/or payroll deductions, as required by New York Labor Law Sections 195(4) and 650-65.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

46. Plaintiffs repeat and reallege Paragraphs 1-45 above as if set forth fully herein.

47. Defendants have willfully and intentionally violated the provisions of the FLSA, as set forth herein, by, *inter alia*, failing to pay, and refusing to pay, the proper overtime compensation to Plaintiffs in accordance with Section 207 of the FLSA.

48. Defendants' failure to pay overtime compensation to Plaintiffs was willful within the meaning of 29 U.S.C. § 255(a).

49. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial.

88721.5

50. Plaintiffs are entitled to recover such unpaid overtime compensation and an additional equal amount as liquidated damages, as well as attorneys' fees, costs, and any other compensation available, pursuant to 29 U.S.C. § 216(b).

### COUNT II – VIOLATION OF NEW YORK LABOR LAW
### (UNPAID OVERTIME)

51. Plaintiffs repeat and reallege Paragraphs 1-50 above as if set forth fully herein.

52. Defendants have willfully and intentionally violated the provisions of the New York Labor Law and the NYCRR, as set forth herein, by failing to pay Plaintiffs overtime compensation for hours in excess of forty (40) per week during which Plaintiffs worked for Defendants, in accordance with Section 665(5)(b) of the New York Labor Law and Sections 142-2.2 and 142-3.2 of title 12 of the NYCRR.

53. Defendants' failure to pay overtime compensation to Plaintiffs was willful within the meaning of New York Labor Law Sections 198 *et seq.* and 663 *et seq.*

54. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial.

55. Plaintiffs are entitled to recover such unpaid overtime compensation, an additional amount equal to 25% of the delinquent overtime compensation due as liquidated damages, as well as attorneys' fees, costs, and any other compensation available, pursuant to New York Labor Law Sections 198 and 663.

### COUNT III – VIOLATION OF NEW YORK LABOR LAW
### (UNPAID SPREAD OF HOURS PAYMENTS)

56. Plaintiffs repeat and reallege Paragraphs 1-55 above as if set forth fully herein.

57. Defendants have willfully and intentionally violated the provisions of Sections 142-2.1 and 142-2.4 of title 12 of the NYCRR, as set forth herein, by failing to pay Plaintiffs one

hour's pay at the basic minimum hourly wage rate for days on which Plaintiffs worked for Defendants for more than ten (10) hours (including breaks) ("spread of hours" payments).

58. Defendants' failure to pay Plaintiffs spread of hours payments for days on which Plaintiffs worked for Defendants for more than ten (10) hours was willful within the meaning of New York Labor Law Sections 198 *et seq.* and 663 *et seq.*

59. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of spread of hours payments in an amount to be determined at trial.

60. Plaintiffs are entitled to recover such unpaid spread of hours payments, an additional amount equal to 25% of the delinquent spread of hours payments due as liquidated damages, as well as attorneys' fees, costs, and any other compensation available, pursuant to New York Labor Law Sections 198 and 663.

### COUNT IV – VIOLATION OF NEW YORK LABOR LAW
### (UNPAID WAGES)

61. Plaintiffs repeat and reallege Paragraphs 1-60 above as if set forth fully herein.

62. Defendants failed to pay Plaintiffs wages due to Plaintiffs for work that Plaintiffs performed for Defendants.

63. Defendants' failure to pay Plaintiffs wages due to Plaintiffs for work that Plaintiffs performed for Defendants was willful within the meaning of New York Labor Law Sections 198 *et seq.* and 663 *et seq.*

64. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of wages in an amount to be determined at trial.

65. Plaintiffs are entitled to recover such unpaid wages, an additional amount equal to 25% of the delinquent wages due as liquidated damages, as well as attorneys' fees, costs, and any other compensation available, pursuant to New York Labor Law Sections 198 and 663.

## COUNT V – BREACH OF CONTRACT
### (UNPAID AMOUNT FOR PLAINTIFFS' ADDITIONAL WORK)

66. Plaintiffs repeat and reallege Paragraphs 1-65 above as if set forth fully herein.

67. In the alternative, Plaintiffs had a contract with Defendants (the "contract") pursuant to which Plaintiffs were to perform the "additional work" for Defendants, i.e., the work that Plaintiffs performed in addition to Plaintiffs' primary work, during hours beyond Plaintiffs' weekday schedule (i.e., after 4:00 p.m. on weekdays and for at least 5 hours per day on weekends). Pursuant to the contract, Defendants promised to pay Plaintiffs a fixed sum for Plaintiffs' performance of each task involved in the additional work, in periodic partial payments totaling at least $37,400.

68. Plaintiffs performed the additional work that Plaintiffs had agreed to perform pursuant to the contract.

69. Defendants failed to pay Plaintiffs the amount that Defendants had promised to pay Plaintiffs for performing the additional work pursuant to the contract.

70. By failing to pay Plaintiffs the amount that they had promised to pay Plaintiffs for performing the additional work, which Plaintiffs performed, Defendants breached their contract with Plaintiffs.

71. As a direct and proximate result of Defendants' breach of their contract with Plaintiffs, Plaintiffs have suffered damages in an amount to be determined at trial but not less than $15,400.00.

## COUNT VI – *QUANTUM MERUIT*
### (UNPAID AMOUNT FOR PLAINTIFFS' ADDITIONAL WORK)

72. Plaintiffs repeat and reallege Paragraphs 1-71 above as if set forth fully herein.

73. In the alternative, Plaintiffs' "additional work" for Defendants, i.e., the work that Plaintiffs performed for Defendants in addition to Plaintiffs' primary work, during hours beyond Plaintiffs' weekday schedule (i.e., after 4:00 p.m. on weekdays and for at least 5 hours per day on weekends), enriched Defendants because Defendants received credit and payment for Plaintiffs' additional work.

74. Defendants usurped and accepted for themselves credit and payment for Plaintiffs' additional work from the owner of the real property on which Plaintiffs performed the additional work, and possibly from others.

75. Defendants failed to pay Plaintiffs the amount that Defendants owed Plaintiffs for performing the additional work.

76. It was unjust for Defendants to usurp and to accept for themselves credit and payment for the additional work that Plaintiffs performed. By receiving, usurping and accepting for themselves credit and payment for Plaintiffs' additional work, and by failing to pay Plaintiffs for Plaintiffs' additional work, Defendants have been unjustly enriched at Plaintiffs' expense.

77. Equity and good conscience require Defendants to return to Plaintiffs the amount by which Defendants have been unjustly enriched, at Plaintiffs' expense, for the additional work that Plaintiffs performed, in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

A. declare, adjudge and decree that Defendants have committed the violations of federal and state law, both statutory and common, that are alleged herein;

B. permanently enjoin Defendants from, in any manner, directly or indirectly, withholding monies rightfully due to Plaintiffs, and/or committing any other violations of the

FLSA, the New York Labor Law, the NYCRR, the common law principles cited herein, or any other statute or common law principle having a similar purpose or effect;

  C.  award Plaintiffs damages and monetary equitable relief, including unpaid overtime compensation, unpaid spread of hours payments, unpaid wages, liquidated damages and interest (including prejudgment interest), pursuant to 29 U.S.C. § 216(b) and New York Labor Law Sections 198 and 663, in an amount to be determined at trial but not less than **$78,772.83**;

  D.  award Plaintiffs damages and monetary equitable relief, including the unpaid amount that Defendants owe to Plaintiffs pursuant to the contract into which Defendants entered with Plaintiffs, under which Defendants agreed to pay Plaintiffs a fixed sum for work that Plaintiffs performed for Defendants, in an amount to be determined at trial but not less than **$15,400.00**;

  E.  award Plaintiffs restitution of the amount, to be determined at trial, by which Defendants were unjustly enriched by Defendants' unlawful acts;

  F.  award Plaintiffs the full costs of bringing this action, including attorneys' fees; and

  G.  grant Plaintiffs such other legal and equitable relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues triable by jury in this action.

Dated: October 2, 2007

CONSTANTINE CANNON LLP

By: _____
Kerin E. Coughlin
450 Lexington Avenue, 17th Floor
New York, New York 10017
(212) 350-2700

YISROEL SCHULMAN
NEW YORK LEGAL ASSISTANCE GROUP

By: _____
Elena Goldstein, of Counsel
450 West 33rd Street, 11th Floor
New York, New York 10001
(212) 613-5024

*Attorneys for Plaintiffs*

- 14 -

88721.5